# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

CHRISTOPHER K. WILLIAMS,

Petitioner,

vs.

CIVIL ACTION NO. CV205-039

JOSE M. VAZQUEZ, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Christopher Williams ("Williams"), an inmate incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. Respondent filed a Response. Williams filed a Traverse, and Respondent filed a Reply. For the reasons which follow, Williams' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Williams was sentenced in the Eastern District of Virginia on November 6, 1998, to an aggregated sentence of 93 months' imprisonment for possession of cocaine with the intent to distribute (33 months) and for the use and carrying of a firearm in connection with a drug trafficking crime (60 months). His projected release date was July 1, 2005. (Resp't Ex. 1.)

Williams contends that the Department of Justice issued a new policy on December 16, 2002, which prohibits the Bureau of Prisons ("BOP") from designating a Community Confinement Center ("CCC") as a place of imprisonment. Williams asserts that, but for this

policy change, he would have been transferred to a CCC on or about March 29, 2004. Instead, Williams asserts, he was not eligible for placement at a CCC until January 1, 2005. Williams alleges that the December 2002 policy change is invalid because the BOP failed to publish the new policy in the Federal Register for comment, as required by the Administrative Procedures Act. Williams also alleges that this policy change is an incorrect reading of 18 U.S.C.A. §§ 3621(b) and 3624(c).

Respondent avers that Williams failed to exhaust his administrative remedies on this matter, and, accordingly, this Court lacks jurisdiction to entertain his claims. Respondent asserts that placement of inmates in a CCC is no longer governed by the 2002 policy Williams discusses. Instead, the BOP has promulgated a rule which allows the BOP to designate an inmate to a CCC only during the last ten percent of his sentence for a period not to exceed six months. Respondent also asserts that the BOP's classification decisions are completely discretionary. Finally, Respondent asserts that Williams was originally scheduled for 180 days' CCC placement, but, due to disciplinary infractions he incurred, Williams only received 30 days' placement.

## DISCUSSION AND CITATION OF AUTHORITY

Respondent avers that Williams has failed to exhaust his administrative remedies on this matter. Specifically, Respondent contends that Williams did not file an appeal of the Regional Director's response with the Central Office. Respondent asserts that despite Williams' claim that exhaustion is "patently futile" (Pet., p. 3), he was still required to exhaust his administrative remedies before filing suit in this Court.

Williams alleges that there are circumstances where the failure of an inmate to exhaust his administrative remedies should not bar a court's determination of the merits

2

of a habeas petition; Williams contends that he has presented such a case. Williams asserts that exhaustion of administrative remedies is not jurisdictional in this section 2241 petition because he is challenging the duration, not the conditions, of his confinement. Williams also asserts that exhaustion of his administrative remedies would be futile and would cause him irreparable harm because he loses good time credits every day. (Doc. No. 8, p. 1.)

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.A.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a Petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." See Gonzalez, 959 F.3d at 212. According to these regulations, an inmate can file a grievance with the Warden, and the Warden has 20 days to respond. 28 C.F.R. §§ 542.14(a) and 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director. 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons. Id.

3

It appears that Williams did not exhaust all available administrative remedies before filing the instant cause of action, which was filed with this Court on February 18, 2005. In fact, Williams does not contest Respondent's assertion in this regard. Williams did not file an appeal with the Central Office for Administrative Remedy Request Number 361562-R2, which he was required to do. See 28 C.F.R. § 542.15(a); (Resp't Exs. 2-4.) Contrary to Williams' assertion, the exhaustion of all available administrative remedies is an event which must occur before a habeas petitioner is allowed to seek redress in this Court. See Skinner, 355 F.3d at 1295; see also Winck, 327 F.3d at 1300 n.1. Williams' failure to exhaust all available administrative remedies before he filed the instant cause of action leaves this Court without jurisdiction to entertain his claims for relief. See id.; Gonzalez, 959 F.3d at 212.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**, without prejudice, due to his failure to exhaust all available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 28th day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

WILLIAMS )

vs )   CASE NUMBER CV205-39

VAZQUEZ )   DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 7/28/05, which is part of the official record of this case.

Date of Mailing: 7/28/05

Date of Certificate  ☒ same date,   or _____

Scott L. Poff, Clerk

By: /s/ Sherry Taylor
Sherry Taylor, Deputy Clerk

Name and Address
Melissa Mundell
Christopher Williams, 33274-037, FCI Jesup, 2600, Highway 301 S, Jesup, GA 31599

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate